

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-25-2007

# USA v. Zahir

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1995

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Zahir" (2007). *2007 Decisions.* Paper 384.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/384

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-1995
_____

UNITED STATES OF AMERICA

vs.

TABARI MALIK ZAHIR,
                                        Appellant


_____


APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim. No. 03-cr-00800)
District Judge:   Honorable Michael M. Baylson


_____


Submitted Under Third Circuit L.A.R. 34.1(a)
September 18, 2007
Before:   SLOVITER, SMITH and WEIS, Circuit Judges.

(Filed September 25, 2007)
_____

OPINION
_____

WEIS, Circuit Judge.

        Defendant was convicted by a jury of one count of possession with intent to

distribute more than five kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1), one

count of attempting to possess with the intent to distribute more than five kilograms of cocaine in violation of 21 U.S.C. § 846, and five counts of unlawful use of communications facilities in furtherance of a drug crime in violation of 21 U.S.C. § 843(b).

The District Court imposed concurrent sentences of 210 months imprisonment on the two cocaine counts and 48 months incarceration on the five remaining counts.

Defendant was represented by counsel at his trial and at sentencing, but pursues this appeal pro se. He raises three contentions: 1) his counsel was ineffective for failing to file a motion to dismiss the indictment and criminal complaint based on bad faith of the prosecution and violations of the Speedy Trial Act; 2) the District Court erred in failing to grant the defendant's Rule 29 motion because of insufficiency of the evidence; and 3) the Court erred in admitting evidence of the defendant's prior contacts with a UPS store and his use of the alias Michael Marquez.

The evidence indicates that defendant, using the alias Michael Marquez, packed cocaine into cartons of computers and parts in Oakland, California. He then shipped the material via UPS to "The UPS Store, 3741 Walnut Av., [sic] Philadelphia, PA 19104 Attn: M. Markez."

Defendant then flew to Philadelphia to retrieve the packages. UPS officials became suspicious of the packages and alerted members of the Postal Inspection Service,

2

who arranged a controlled delivery. Defendant was arrested after he picked up the parcels on November 7, 2003. A magistrate judge ordered him detained pending trial.

Despite the existence of a December 3, 2003, indictment, a magistrate judge dismissed the criminal complaint on March 10, 2004, and defendant was released. A bench warrant was issued in April 2004 after a magistrate judge granted the government's motion to vacate the dismissal. Defendant was apprehended on November 14, 2004. Trial was continued on several occasions at the request of defendant and at the instance of the District Court. On June 22, 2005, a superseding indictment was filed and trial began on July 6, 2005.

Defendant contends that the various delays were violations of the Speedy Trial Act and that his attorney was ineffective for failing to bring the matter to the attention of the court.

We have a longstanding policy of declining to review claims of ineffective assistance of counsel on direct appeal, except in unusual cases where the record establishes the necessary background. See United States v. McLaughlin, 386 F.3d 547, 555-56 (3d Cir. 2004). In the case before us, the District Court has not reviewed the allegations, including the Speedy Trial Act contentions, and defense counsel has not had the opportunity to explain his position. Therefore, we will decline to review the ineffective assistance of counsel claim without prejudice. Defendant may still take

3

advantage of the opportunity to pursue his claim in a collateral attack under 28 U.S.C. § 2255.

Our review of the record also persuades us that there was adequate evidence to sustain the guilty verdict. A reasonable jury could conclude that defendant knew that he was shipping cocaine for purposes of distribution. His extensive use of an alias, his airplane flight from Oakland to Philadelphia the day after the packages were mailed, the presence of his fingerprints inside the packages, his actions after picking up the packages, his previous use of the UPS store as a pickup point, and his attempts to recruit a UPS employee to fly to California to pick up the packages all point toward his knowing participation in drug activity.

We find the claim of insufficient evidence to lack merit. Nor do we find any substance to the defendant's claims of error in the admission of evidence at trial. The challenged evidence served as proof of the defendant's conduct in furtherance of the drug crimes. See United States v. Gibbs, 190 F.3d 188, 217 (3d Cir. 1999).

Accordingly, the judgment of conviction will be affirmed. The claim of ineffectiveness of counsel will be denied without prejudice.